WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kristan L. Sears,

    Plaintiff,

v.

Gila River Indian Community et al.,

    Defendants.

No. CV-12-02203-PHX-ROS

**ORDER**

Before the Court is a motion to dismiss by Defendant Gila River Indian Community ("Gila River"). (Doc. 12). For the reasons explained below, this motion will be granted.

## BACKGROUND

*Pro se* plaintiff Kristan Sears was employed by the Gila River Indian Community Department of Rehabilitation and Supervision ("DRS") until April 2009. (Doc. 11). The nature of the dispute is not entirely clear from the record, but it appears Sears believes she was wrongfully terminated and was not given a grievance hearing.[1] (*Id.*) Sears alleges what seem to be three types of claims: hostile work environment, wrongful termination, and due process violations. (*Id.*) Her hostile work environment claim relates to her alleged poor treatment when she reported the health and safety violations; her wrongful termination and due process claims stem from DRS allegedly not providing Sears with a

---

[1] Sears claims she brought unspecified "health and safety violations" to the attention of her employer and DRS allegedly proceeded to treat her "in a manner designed to make [Sears] quit in retaliation for her actions." (*Id.*)

hearing prior to her termination. (*Id.*) Though her original complaint references the American Indians Torts Liability Act of 1998, the American Indian Equal Justice Act of 1998, the Indian Civil Rights Act, and the Indian Self-Determination and Education Assistance Act, it is unclear under precisely which statutes Sears seeks relief. (Doc. 11). Sears brings her claims against Gila River and other individuals, including the Governor, former Governor, Director, and Deputy Director of DRS, all of whom are employed by and, according to Sears, acted as "agents for" Gila River. Defendant Gila River moves to dismiss the complaint for lack of subject matter jurisdiction based on the doctrines of tribal sovereign immunity and tribal self-governance. (Doc. 12).

## ANALYSIS

### I. Legal Standard for Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). On a facial challenge, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *See Wolfe*, 392 F.3d at 362; *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject-matter jurisdiction." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). However, in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject-matter are viewed in the light most favorable to the opposing party. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). The disputed facts related to

1 subject-matter jurisdiction should be treated in the same way as one would adjudicate a
2 motion for summary judgment. *Id*.

3 **II. Tribal Sovereign Immunity**

4 Gila River seeks dismissal of the complaint on grounds that tribal sovereign
5 immunity divests the Court of subject matter jurisdiction over all of Sears' claims against
6 it. (Doc. 12). The Court agrees with Gila River.

7 Tribal sovereign immunity limits a federal court's subject matter jurisdiction over
8 actions brought against an Indian tribe. *Alvarado v. Table Mt. Rancheria*, 509 F.3d 1008,
9 1015–16 (9th Cir. 2007). The Supreme Court has held that as a matter of federal law, an
10 Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has
11 expressly waived its sovereign immunity. *See Kiowa Tribe of Okla. v. Mfg. Techs.*, 523
12 U.S. 751, 754 (1998). There is a strong presumption against waiver of tribal sovereign
13 immunity: waiver of immunity by a tribe may not be implied and must be expressed
14 unequivocally. *Kescoli v. Babbitt*, 101 F.3d 1304, 1310 (9th Cir. 1996). Similarly,
15 congressional abrogation of sovereign immunity may not be implied and must be
16 "unequivocally expressed" in "explicit legislation." *Krystal Energy Co. v. Navajo Nation*,
17 357 F.3d 1055, 1056 (9th Cir. 2004). Tribal sovereign immunity extends to the economic
18 as well as the governmental activities of the tribe, so long as the entity "functions as an
19 arm of the tribe." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006).

20 Based on the evidence presented, the Court finds that it lacks jurisdiction to hear
21 Sears' claims due to tribal sovereign immunity. Gila River points to the Federal
22 Registers' listing of Indian tribes as evidence that it is a federally-recognized Indian
23 Tribe. (Doc. 12, *citing* 77 Fed. Reg. 47,868, 47,873 (Aug. 10, 2012)). Inclusion of a tribe
24 on the Federal Register list of recognized tribes is generally sufficient to establish
25 entitlement to sovereign immunity. *Ingrassia v. Chicken Ranch Bingo and Casino*, 676
26 F.Supp.2d 953, 957 (E.D. Cal. 2009) (*citing Cherokee Nation v. Babbitt*, 117 F.3d 1489,
27 1499 (D.C. Cir. 1997)). Plaintiff does not contest that Gila River is a federally-recognized
28 Indian Tribe entitled to tribal sovereign immunity or that DRS is its arm; rather she seems

to claim that Gila River's immunity has been abrogated by Congress. However, none of the congressional statutes to which Sears cites abrogates tribal sovereign immunity.

First, the Court has not found, and Sears has not provided, any evidence that the American Indians Torts Liability Act of 1998 and the American Indian Equal Justice Act of 1998 have been enacted into law. Second, Sears cites to two additional statutes, which have been enacted into law but do not abrogate Gila River's immunity in this case. The Indian Civil Rights Act ("ICRA") allows for suits against tribal entities only in the narrow instance of habeas relief. In other words, ICRA abrogates tribal sovereign immunity only for claims brought by prisoners seeking post-conviction relief. "Nothing on the face of Title I of the ICRA purports to subject tribes to the jurisdiction of the federal courts in civil actions for [other types of] relief." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1997). Since Sears is not a prisoner seeking post-conviction relief, ICRA's abrogation of immunity for habeas claims does not apply in this case.

Sears also cites to the Indian Self-Determination and Education Assistance Act ("ISDEAA"); yet, nothing in this statute abrogates tribal immunity. The ISDEAA provides legal authority for tribal governments to contract with the federal government and for the federal government to assume authority for providing governmental services, including law enforcement and policing within tribal communities. 25 U.S.C. § 450. Tribal employees who engage in activities in furtherance of such contracts are deemed federal employees and are therefore covered by the Federal Torts Claim Act ("FTCA"). 25 U.S.C. § 450f(c). Importantly, FTCA actions may only be brought against the United States; for individuals with tort claims against a tribal contractor, the FTCA is the exclusive remedy, and FTCA actions may not be brought against Indian tribes, tribal officials or employees. 25 C.F.R. §§ 900.201, 900.208.

Therefore, since Gila River is a federally-recognized Indian Tribe of which DRS is an arm, and Sears points to no evidence that Congress has abrogated the immunity entitled to Gila River and DRS as such, Sears' claims must be dismissed against Gila River.

**A. Individual Defendant Immunity**

Gila River maintains that the DRS employees named in this suit are also protected by tribal sovereign immunity. (Doc. 12 at 12). The Court agrees with Gila River.

It is well settled that tribal sovereign immunity "also extends to tribal officials when acting in their official capacity and within their scope of authority." *United States v. State of Or.*, 657 F.2d 1009, 1013 (9th Cir. 1981) (*citing Davis v. Littell*, 398 F.2d 83, 84-85 (9th Cir. 1968); *White Mountain Apache Indian Tribe v. Shelley*, 107 Ariz. 4 (1971)). Further, "[t]he principles that motivate the immunizing of tribal officials from suit—protecting an Indian tribe's treasury and preventing a plaintiff from bypassing tribal immunity merely by naming a tribal official—apply just as much to tribal employees when they are sued in their official capacity." *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 727 (9th Cir. 2008). Though it is not entirely clear from the briefing, it appears that Sears is suing the individual defendants solely in their official capacities for actions done in the scope of their authority or employment. Each individual defendant is an official of Gila River or an employee of DRS, and Sears has named each defendant with their official titles in her complaint. (Doc. 11). Additionally, Sears maintains that "all persons employed in the various departments and organizations are essentially acting as 'Agents' [sic] for the Gila River Indian Community" and "[b]ecause the defendants were acting as the Community's agents and under the 'Color of Law,' [sic] … they are subject to suit…" (*Id.*). Accordingly, Gila River's tribal sovereign immunity also extends to the individual defendants named in Sears' complaint.

**III. Tribal Self-Governance**

Gila River also argues that Sears' claims should be dismissed based on tribal self-governance principles—that is, the laws under which Sears' claims are brought do not apply to Gila River because it is a separate sovereign. (Doc. 12). Again, the Court agrees with Gila River.

The U.S. Supreme Court has held that, "as separate sovereigns pre-existing the Constitution, tribes have historically been regarded as unconstrained by those

constitutional provisions framed specifically as limitations on federal or state authority." *Santa Clara Pueblo*, 436 U.S. at 57. More specifically, "as the powers of the local self-government enjoyed by the [Indian Nations] existed prior to the constitution, they are not operated upon by the Fifth Amendment, which … had for its sole object to control the powers conferred by the constitution on the national government." *Talton v. Mayes*, 163 U.S. 376, 384 (1896). Accordingly, since Gila River's actions are not regulated by the U.S. Constitution, Sears' constitutional claims must be dismissed.

A similar analysis applies to Sears' employment claims regarding wrongful termination and hostile work environment. Sears points to no federal law specifically addressing Indian tribes' liability for these claims. Yet, Title VII, which creates a hostile work environment cause of action, explicitly exempts Indian tribes from its coverage. 42 U.S.C. § 2000e(b)(1); *see also E.E.O.C. v. Karuk Tribe Housing Authority*, 260 F.3d 1071, 1082 (9th Cir. 2001). If the Complaint were read to assert a different type of federal employment claim, it would likely still be barred on self-governance grounds. For example, the ADEA is silent as to whether it applies to Indian tribes. However, the Ninth Circuit has held that where a law is silent with respect to Indian tribes, the law does not apply to Indian tribes if:

> (1) the law touches exclusive rights of self-governance in purely intramural matters (2) the application of the law to the tribe would abrogate rights guaranteed by Indian treaties; or (3) there is proof by legislative history or some other means that Congress intended the law not to apply to Indians on their reservations.

*Karuk*, 260 F.3d at 1078–79. In *Karuk*, The Ninth Circuit then held that employment practices of the tribe were purely intramural matters touching on the tribe's exclusive rights of self-governance, and thus the ADEA does not apply to the tribe. *Id*. at 1081. According to the court, tribal self-governance includes a tribe's ability to make employment decisions without the interference from other sovereigns. *Id*.

Therefore, because the claims Sears raises relate to employment decisions that are intramural matters touching Gila River's exclusive rights of self-governance, any federal law that is silent on the issue must be construed not to apply to Gila River. Further, since the Court lacks jurisdiction for any of Sears claims brought under federal law, any state law claims she brings may also be dismissed. *See* 28 U.S.C. § 1367(c)(3); *see also*

*Kruger v. Pac. Benefits Grp. Nw.*, LLC., 228 F. Supp. 2d 1143, 1149 (D. Or. 2001) ("[T]he district court may decline to exercise supplemental jurisdiction over pendent state law claims if the district court has dismissed all claims over which it has original jurisdiction.").

Accordingly,

**IT IS ORDERED** that Defendant Gila Rivers' motion to dismiss (**Doc. 12**) is **GRANTED**. The Clerk of the Court is directed to enter a judgment of dismissal without prejudice.

Dated this 24th day of September, 2013.

_____
Roslyn O. Silver
Senior United States District Judge